**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 16, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

                                    No. 05-2072
                           (District of New Mexico)
                       (D.C. No. CR-04-184 JH)

JORGE PINA-NUNEZ,

    Defendant-Appellant.

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HOLLOWAY** and **HARTZ**, Circuit Judges.

I.     **Introduction**

Appellant Jorge Pina-Nunez pleaded guilty to a charge of illegally reentering the United States. The Presentence Investigation Report ("PSR") recommended the application of the sixteen-level enhancement set forth in § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines ("USSG"), based on Pina-Nunez's prior Colorado conviction for third-degree assault. Pina-Nunez

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argued a sentence within the resulting guidelines range would be unreasonable under the facts present in his case. The district court overruled Pina-Nunez's objection and sentenced him to forty-six months' imprisonment, the low end of the guidelines range. After Pina-Nunez was sentenced, this court held that a Colorado conviction for third-degree assault is not categorically a crime of violence for purposes of § 2L1.2(b)(1)(A). *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005). Pina-Nunez then filed this appeal, arguing both that the district court committed plain error when it applied the § 2L1.2(b)(1)(A) enhancement categorically and that his sentence is unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** Pina-Nunez's sentence.

## II. Background

Pina-Nunez was arrested on November 2, 2003, and charged with illegally reentering the United States following deportation subsequent to being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a). Pina-Nunez pleaded guilty and a PSR was prepared. The PSR concluded the applicable criminal history category was III, relying, *inter alia*, on a 2001 California conviction for vandalism and a 2003 Colorado conviction for third-degree assault. The PSR also recommended a sixteen-level increase to Pina-Nunez's offense level pursuant to USSG § 2L1.2(b)(1)(A), based on the conclusion Pina-Nunez's 2003 Colorado third-degree assault conviction qualified as a crime of violence. The PSR arrived

at a final offense level of twenty-one which, when coupled with a criminal history category of III, resulted in a sentencing guideline range of forty-six to fifty-seven months.

Pina-Nunez filed a written objection to the PSR and also filed a sentencing memorandum, arguing the district court should exercise its discretion to sentence him below the advisory guideline range. To support his position, Pina-Nunez asserted: (1) the nature of the conduct involved in his Colorado third-degree assault conviction was less severe than most other cases involving the § 2L1.2(b)(1)(A) enhancement; (2) the application of the § 2L1.2(b)(1)(A) enhancement would result in an unwarranted disparity between his sentence and sentences imposed on defendants convicted of third-degree assault in forty-six other states; and (3) he reentered the United States solely to see his terminally ill mother. The district court overruled Pina-Nunez's objections and sentenced him to forty-six months' imprisonment, the low end of the guidelines range. After the district court announced the sentence, defense counsel again challenged its reasonableness, to which the court replied: "[T]he Court indicates the sentence to be reasonable again after consideration, not only of the guideline applications, but the factors set forth in 18 U.S.C. § 3553."

After Pina-Nunez was sentenced, this court addressed the question of whether Colorado third-degree assault convictions are crimes of violence for

purposes of § 2L1.2(b)(1)(A). *Perez-Vargas*, 414 F.3d at 1284. We held such convictions do not categorically qualify as crimes of violence under § 2L1.2 because the statutory language "does not necessarily include the use or threatened use of 'physical force' as required by the Guidelines." *Id.* at 1287. A reviewing court, therefore, must look beyond the statute to the charging documents, the terms of the plea agreement, or some comparable judicial record to determine on a case-by-case basis whether a Colorado conviction for third-degree assault qualifies as a crime of violence under § 2L1.2(b)(1)(A). *Id.* at 1284 (citing *Shepard v. United States*, 125 S. Ct. 1254, 1262 (2005)). Although Pina-Nunez conceded at the sentencing hearing that his prior Colorado conviction was a crime of violence for purposes of the § 2L1.2(b)(1)(A) enhancement, he argues in this appeal that the district court committed plain error when it applied the enhancement categorically. He also asserts the sentence imposed by the district court is unreasonable. *See United States v. Booker*, 125 S. Ct. 738, 765-67 (2005).

## III. Discussion

Pina-Nunez concedes he did not challenge the categorical imposition of the § 2L1.2(b)(1)(A) enhancement before the district court and asks us to review the

district court's application of the enhancement for plain error.[1]  Under this standard, Pina-Nunez has the burden of showing: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Gonzales-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (quotation omitted).  The government concedes Pina-Nunez has satisfied the first three prongs of the plain-error analysis but argues he cannot satisfy the fourth prong because he admitted the facts supporting the enhancement he now challenges.  *See United States v. Maldonado-Ramires*, 384 F.3d 1228, 1230 n.1 (10th Cir. 2004).  We agree that Pina-Nunez cannot satisfy the fourth prong.

During the sentencing hearing, defense counsel represented to the district court that Pina-Nunez's Colorado conviction "is a crime of violence under [§ 2L1.2], and it's also a felony under this guideline."  The government characterizes this statement as a factual admission and argues that, in light of this admission, the district court's error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  Pina-Nunez asserts the statement was a legal admission only, not a factual one.  While Pina-Nunez may

---

[1]The government argues Pina-Nunez invited the district court's error and thus has waived the issue such that it cannot be reviewed for even plain error. *See United States v. Hardwell*, 80 F.3d 1471, 1487 (10th Cir. 1996).  Because we conclude that Pina-Nunez has failed to satisfy the fourth prong of the plain-error test, it is not necessary to address this argument.

be correct, we do not address that question because a review of the record demonstrates he made a factual concession regarding the underlying conduct that gave rise to the Colorado assault conviction in the sentencing memorandum he filed with the district court. *See United States v. Buonocore*, 416 F.3d 1124, 1134 (10th Cir. 2005) (holding comments made by defense counsel during sentencing can constitute admissions). In that memorandum, Pina-Nunez argued that application of the advisory guidelines range would result in an unreasonable sentence because the conduct underlying his Colorado conviction was less severe than that seen in the majority of third-degree assault cases. The memorandum stated: "Under the Guidelines, a man sentenced to 12 months in jail for assault would be at level six if the statutory maximum was no more than twelve months, while Mr. Pina, *who pulled off his wife's necklace in a moment of anger* is looking at 46 to 57 months . . . ." (emphasis added). Further, Pina-Nunez has never argued that the act of pulling a necklace from the neck of another individual is not a crime of violence pursuant to USSG § 2L1.2 and Application Note (1)(B)(iii). In light of Pina-Nunez's admission of the facts which support the application of the § 2L1.2(b)(1)(A) enhancement, we conclude he cannot establish that the district court's error in applying the enhancement categorically seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Cf. United States v. Hauk*, 412 F.3d 1179, 1197-98 (10th Cir. 2005) ("Where a

defendant acquiesces to the district court's findings of fact that support an enhancement with little or no objection, leaving the resulting plain error uncorrected poses little risk to the fairness or integrity of judicial proceedings."). Accordingly, we decline to correct the error.

Pina-Nunez also argues the sentence imposed by the district court is unreasonable. Because Pina-Nunez was sentenced after *Booker,* this court will not reverse his sentence "if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation omitted). In accordance with *Booker*, we conduct our review with guidance from the factors listed in 18 U.S.C. § 3553(a). 125 S. Ct. at 766.

Pina-Nunez first argues the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) when it calculated his sentence. He then argues that a proper consideration of the § 3553(a) factors demonstrates his sentence is unreasonable. We reject both arguments.

*Booker* directs a sentencing court to consider, *inter alia*, the factors set out in 18 U.S.C. § 3553(a) when determining a sentence. 125 S. Ct. at 757. We have repeatedly held, however, that a sentencing court is not required to address individually each factor listed in § 3553(a) before issuing a sentence. *See Contreras-Martinez*, 409 F.3d at 1242 ("[W]e do not demand that the district

court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." (quotations omitted)). Our review of the district court's statements at sentencing convinces us the court considered the sentencing factors listed in § 3553(a). The court specifically stated it arrived at Pina-Nunez's sentence after consideration "not only of the guideline applications, but the factors set forth in 18 U.S.C. § 3553." This statement evinces the court's awareness of its obligation to consider the § 3553 factors, particularly since the statement was made after the court had entertained Pina-Nunez's specific objections to the application of the advisory guidelines range.

We are also convinced that the sentence imposed by the district court was reasonable. Pina-Nunez argues his sentence promotes unwarranted sentencing disparities because other defendants who received the sixteen-level, § 2L1.2(b)(1)(A) enhancement typically engaged in far more egregious conduct. He also asserts the district court failed to consider the unique family circumstances surrounding the offense of conviction. When it considered the § 3553 factors and imposed sentence, however, the district court was free to review all the circumstances of Pina-Nunez's current and prior criminal conduct. Specifically, the Colorado assault conviction involved a domestic dispute between Pina-Nunez and his spouse, during which an angry Pina-Nunez pulled a chain from his wife's

neck. He received a sentence of one year probation yet failed to comply with the terms of that probation and an arrest warranted was issued. Pina-Nunez also has a 1991 California conviction for vandalism. The PSR indicates the victim in this incident reported that Pina-Nunez, armed with a firearm, pursued her in his automobile to her home. He then pounded on the victim's door and, eventually, smashed a window to her apartment. A charge of stalking was dismissed. The PSR further reveals that Pina-Nunez has illegally entered this country three times and has been deported twice. Based on all the information available to the district court at sentencing, we cannot say the sentence imposed by the court was unreasonable.

We **affirm** the sentence imposed by the district court. Pina-Nunez's motion for summary disposition is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge